UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21127-CIV-HUCK/BANDSTRA

FRANCKLIN E. MICHEL,

Plaintiff,

v.

SECURITY ALLIANCE OF

FLORIDA, LLC, a Florida corporation,

Defendant.

_____/

## PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND THE COMPLAINT IN ACCORDANCE WITH THE INCORPORATED PROPOSED SECOND AMENDED COMPLAINT

Plaintiff would like to amend its initial Complaint in accordance with the attached Proposed Second Amended Complaint.

The U.S. Supreme Court has explained the duty of a Court when exercising its discretion whether to grant leave to amend as follows: "Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 US 178, 182 (1962).

PROPOSED SECOND AMENDED COMPLAINT

PRELIMINARY STATEMENT

1.  Subject-matter Jurisdiction is proper under 28 U.S.C. § 1331 and under 28 U.S.C. § 1367.

2.  Personal jurisdiction is proper as SECURITY ALLIANCE OF FLORIDA, LLC, is located in this district,.

3.  Venue is proper as SECURITY ALLIANCE OF FLORIDA, LLC, is located in this district,.

4.  Plaintiff started working for SECURITY ALLIANCE OF FLORIDA, LLC, a Florida corporation on or about April 1, 2005.

5.  On or about June 28, 2007 Plaintiff had been working approximately 40 hours per week and earning approx. $12,99 dollars.

6.  Plaintiff is Black.

7.  On or about May 4, 2007 Plaintiff filed EEOC Charge #510-2007-03592 alleging Disability discrimination by Defendant, his employer. Exhibit "A" of First Amended Complaint is hereby incorporated by reference.

8.  This case was investigated by EEOC investigator Adrianne Baron.

9.  On or about September 28, 2007 Plaintiff filed EEOC Charge #510-2007-06196 alleging Retaliation by SECURITY ALLIANCE OF FLORIDA, LLC, his employer.

10.  This case was investigated by EEOC investigator Adrianne Baron.

11.  On or about September 28, 2007 Plaintiff filed EEOC Charge #510-2007-06196 alleging Retaliation by Defendant, his employer. Exhibit "B" of First Amended Complaint is hereby incorporated by reference.

12.  On or about January 10, 2008 Plaintiff's counsel, Erwin Rosenberg, sent a fax to Defendant's Erik Camacho, a supervisor, at Fax (305) 670-6545, and emailed a copy to Adrianne Baron, referencing the above-mentioned EEOC charges as well as making a claim of religious discrimination on behalf of Plaintiff, and demanding that Defendant cease and desist all retaliation against Plaintiff. Exhibit "C" of First Amended Complaint is hereby incorporated by

reference.

13.     On or about January 28, 2008 a SECURITY ALLIANCE OF FLORIDA, LLC supervisor by the name of Mr. Poor came to Plaintiff's post and told him that Plaintiff had to leave already, effectively terminating Plaintiff's employment.

## CLAIM 1: DISCRIMINATION CLAIM UNDER FLORIDA STATUTES 760.07 AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING BEHAVIOR DESCRIBED IN EXHIBIT "A"

14.     Plaintiff hereby re-alleges paragraphs 1 through 14.

15.     The charging document in Exhibit "A" shows that Defendant discriminated against Plaintiff on or about May 3, 2007.

16.     Defendant's discrimination caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

17.     Wherefore comes Plaintiff and sues Defendant for Retaliation under Florida Statutes 760.07 and demands compensatory and punitive damages.

## CLAIM 2: RETALIATION CLAIM UNDER FLORIDA STATUTES 760.07 AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING BEHAVIOR DESCRIBED IN EXHIBIT "B"

18.     Plaintiff hereby re-alleges paragraphs 1 through 14.

19.     The charging document in Exhibit "B" shows that Defendant retaliated against Plaintiff on September 25, 2007.

20.     Defendant's retaliation caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

21.     Wherefore comes Plaintiff and sues Defendant for Retaliation under Florida Statutes 760.07 and demands compensatory and punitive damages.

## CLAIM 3: DISCRIMINATION CLAIM UNDER FLORIDA STATUTES 760.07

AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING REMOVAL AND/OR TERMINATION FROM JOB SOMETIME BETWEEN JANUARY 28, 2008 MARCH 2008

22. Plaintiff hereby re-alleges paragraphs 1 through 14.

23. Plaintiff filed a Charge of Discrimination with the EEOC # 510-2008-00828. Exhibit "D."

24. Defendant's discrimination caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

25. Wherefore comes Plaintiff and sues Defendant for Retaliation under Florida Statutes 760.07 for the removal and/or termination of Plaintiff from his job sometime between January 28, 2008 and March 2008 demands compensatory and punitive damages.

DEMAND FOR JURY

Plaintiff hereby demands a jury for all issues triable by jury as of right.

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows: On May 3, 2011 afternoon I sent an email with the proposed second amended complaint (without attachment) but no response. I called bu got the answering machine. I left a message but no response.

5-3-2011                                                    Respectfully Submitted,

Miami-Dade, Florida                                         s/_____

                                                            Erwin Rosenberg, Esq. (#163279)

**Certificate of Service**

I hereby certify that on May 3, 2011, I electronically filed the foregoing document with the Clerk

4

of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/_____

Erwin Rosenberg, Esq.

erwinrosenberg@gmail.com

P.O. Box 416433

Miami Beach, FL 33141

Tel: 786-299-2789

Fax: 305-468-6552