UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21127-CIV-HUCK/BANDSTRA

FRANCKLIN E. MICHEL,

Plaintiff,

v.

SECURITY ALLIANCE OF

FLORIDA, LLC, a Florida corporation,

Defendant.

_____/

**PLAINTIFF'S FIRST AMENDED MOTION FOR LEAVE TO AMEND THE COMPLAINT IN ACCORDANCE WITH THE INCORPORATED PROPOSED SECOND AMENDED COMPLAINT**

Plaintiff would like to amend its initial Complaint in accordance with the attached Proposed Second Amended Complaint.

The U.S. Supreme Court has explained the duty of a Court when exercising its discretion whether to grant leave to amend as follows: "Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 US 178, 182 (1962).

PROPOSED SECOND AMENDED COMPLAINT

PRELIMINARY STATEMENT

1.  Subject-matter Jurisdiction is proper under 28 U.S.C. § 1331 and under 28 U.S.C. § 1367.

2.  Personal jurisdiction is proper as SECURITY ALLIANCE OF FLORIDA, LLC, is located in this district,.

3.  Venue is proper as SECURITY ALLIANCE OF FLORIDA, LLC, is located in this district,.

4.  Plaintiff started working for SECURITY ALLIANCE OF FLORIDA, LLC, a Florida corporation on or about April 1, 2005 and at all relevant times was qualified for the job of working as a security officer for SECURITY ALLIANCE OF FLORIDA, LLC.

5.  On or about June 28, 2007 Plaintiff had been working approximately 40 hours per week and earning approx. $12,99 dollars.

6.  Plaintiff is Black.

7.  On or about May 4, 2007 Plaintiff filed EEOC Charge #510-2007-03592 alleging Disability discrimination by Defendant, his employer.  <u>Document 1-4 Page 4 is hereby incorporated by reference as Exhibit "A"</u>

8.  This case was investigated by EEOC investigator Adrianne Baron.

9.  On or about September 28, 2007 Plaintiff filed EEOC Charge #510-2007-06196 alleging Retaliation by SECURITY ALLIANCE OF FLORIDA, LLC, his employer.

10. This case was investigated by EEOC investigator Adrianne Baron.

11. On or about September 28, 2007 Plaintiff filed EEOC Charge #510-2007-06196 alleging Retaliation by Defendant, his employer.  <u>Document 1-4 Page 5 is hereby incorporated by reference as Exhibit "B"</u>

12. On or about January 10, 2008 Plaintiff's counsel, Erwin Rosenberg, sent a fax to Defendant's Erik Camacho, a supervisor, at Fax (305) 670-6545, and emailed a copy to Adrianne Baron, referencing the above-mentioned EEOC charges as well as making a claim of religious

discrimination on behalf of Plaintiff, and demanding that Defendant cease and desist all retaliation against Plaintiff.  <u>Document 1-4 Page 6 is hereby incorporated by reference as Exhibit "C"</u>

13.     On or about January 28, 2008 a SECURITY ALLIANCE OF FLORIDA, LLC supervisor by the name of Mr. Poor came to Plaintiff's post and told him that Plaintiff had to leave already, effectively terminating Plaintiff's employment.

14.     SECURITY ALLIANCE OF FLORIDA, LLC had an intent to discriminate on the basis of race and was motivated by racial animus against Black persons and SECURITY ALLIANCE OF FLORIDA, LLC's animus was directed towards the kind of group that Congress intended to protect when it passed 42 U.S.C. Section 1981.

## CLAIM 1: DISCRIMINATION CLAIM UNDER FLORIDA STATUTES 760.07 AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING BEHAVIOR DESCRIBED IN EXHIBIT "A"

15.     Plaintiff hereby re-alleges paragraphs 1 through 14.

16.     The charging document in Exhibit "A" shows that Defendant discriminated against Plaintiff on or about May 3, 2007.

17.     Defendant's discrimination caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

18.     Wherefore comes Plaintiff and sues Defendant for Discrimination under Florida Statutes 760.07 and demands compensatory and punitive damages.

## CLAIM 2: RETALIATION CLAIM UNDER FLORIDA STATUTES 760.07 AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING BEHAVIOR DESCRIBED IN EXHIBIT "B"

19.     Plaintiff hereby re-alleges paragraphs 1 through 14.

20.     The charging document in Exhibit "B" shows that Defendant retaliated against Plaintiff on September 25, 2007.

21.     Defendant's retaliation caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

22.     Wherefore comes Plaintiff and sues Defendant for Retaliation under Florida Statutes 760.07 and demands compensatory and punitive damages.

## CLAIM 3: DISCRIMINATION CLAIM UNDER FLORIDA STATUTES 760.07 AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING REMOVAL AND/OR TERMINATION FROM JOB SOMETIME BETWEEN JANUARY 28, 2008 AND MARCH 2008

23.     Plaintiff hereby re-alleges paragraphs 1 through 14.

24.     Plaintiff filed a Charge of Discrimination with the EEOC # 510-2008-00828.  Document 11-1 is hereby incorporated by reference as Exhibit "D"

25.     Defendant's discrimination caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

26.     Wherefore comes Plaintiff and sues Defendant for Discrimination under Florida Statutes 760.07 for the removal and/or termination of Plaintiff from his job sometime between January 28, 2008 and March 2008 demands compensatory and punitive damages.

## CLAIM 4: DISCRIMINATION CLAIM UNDER 42 U.S.C. § 1981.AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING BEHAVIOR DESCRIBED IN EXHIBIT "A"

27. Plaintiff hereby re-alleges paragraphs 1 through 14.

28. The charging document in Exhibit "A" shows that Defendant discriminated against Plaintiff on or about May 3, 2007.

29. Defendant's discrimination caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

30. Wherefore comes Plaintiff and sues Defendant for Discrimination under 42 U.S.C. § 1981 and demands compensatory and punitive damages.

## CLAIM 5: DISCRIMINATION CLAIM UNDER 42 U.S.C. § 1981 AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING BEHAVIOR DESCRIBED IN EXHIBIT "B"

31. Plaintiff hereby re-alleges paragraphs 1 through 14.

32. The charging document in Exhibit "B" shows that Defendant retaliated against Plaintiff on September 25, 2007.

33. Defendant's discrimination caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

34. Wherefore comes Plaintiff and sues Defendant for Discrimination under 42 U.S.C. § 1981 and demands compensatory and punitive damages.

## CLAIM 6: DISCRIMINATION CLAIM UNDER 42 U.S.C. § 1981 AGAINST SECURITY ALLIANCE OF FLORIDA, LLC ("SAF") REGARDING REMOVAL AND/OR TERMINATION FROM JOB SOMETIME BETWEEN JANUARY 28, 2008 AND MARCH 2008

35. Plaintiff hereby re-alleges paragraphs 1 through 14.

36. Defendant's discrimination caused Plaintiff to suffer economic damages as well as loss of enjoyment of life and loss of dignity.

37. Wherefore comes Plaintiff and sues Defendant for Discrimination under 42 U.S.C. § 1981 for the removal and/or termination of Plaintiff from his job on or about January 28, 2008 demands compensatory and punitive damages.

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all issues triable by jury as of right.

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has reasonably conferred reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion, but Defendant's counsel opposes this motion.

5-5-2011                                                                                  Respectfully Submitted,


Miami-Dade, Florida                                                        s/_____

                                                                                    Erwin Rosenberg, Esq. (#163279)


**Certificate of Service**


I hereby certify that on May 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


                                                                                        s/_____

                                                                                        Erwin Rosenberg, Esq.

                                                                                        erwinrosenberg@gmail.com

                                                                                        P.O. Box 416433

                                                                                       Miami Beach, FL 33141

                                                                                       Tel: 786-299-2789

                                                                                       Fax: 305-468-6552