**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 11-21127-CIV-HUCK/BANDSTRA**

FRANCKLIN E. MICHEL,

      Plaintiff,

v.

SECURITY ALLIANCE OF FLORIDA, LLC,
a Florida corporation,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss Second Amended Complaint (D.E. #23). Due to the pleading deficiencies discussed below, Plaintiff's Second Amended Complaint (D.E. #21) is dismissed without prejudice and with leave to amend. Because amendment is necessary, the Court need not reach Defendant's additional contentions that certain claims are time barred, that 42 U.S.C. § 1981 is inapplicable, and that Plaintiff waived his demand for a jury trial. The Court will consider Defendant's additional arguments after Plaintiff has filed a Third Amended Complaint—presumably setting forth his claims for relief in a more organized, thorough, and informative manner—and after Defendant has had an opportunity to file its subsequent Motion to Dismiss, so long as such arguments are still relevant at that time.

## I.    BACKGROUND FACTS

Plaintiff Francklin E. Michel brings this action against his former employer, Security Alliance of Florida, LLC ("Security Alliance"), suggesting several acts of unlawful discrimination, including discrimination based on disability, race, national origin, religion, and retaliation. Plaintiff filed his initial Complaint in state court on March 2, 2011, alleging one claim of retaliation under 42 U.S.C. § 1981. On March 14, 2011, Plaintiff filed his First Amended Complaint, also in state court, adding a second claim of retaliation under § 1981. Security Alliance subsequently removed the case to this Court and filed its Answer and Affirmative Defenses (D.E. #3).

Among its affirmative defenses, Security Alliance asserted that "Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1981." Def.'s

Answer and Affirmative Defenses (D.E. #3) at 3.  The Court determined that it was in the interest of justice to hear this defense early in the proceedings and *sua sponte* ordered Security Alliance to raise this defense by motion.  Accordingly, Security Alliance filed its Motion to Dismiss First Amended Complaint (D.E. #10), arguing that Plaintiff's First Amended Complaint failed to state a claim upon which relief can be granted because the alleged retaliation was not based on protected activity taken in response to racial discrimination, and therefore Plaintiff's claims were not actionable under § 1981.

Instead of responding to Security Alliance's Motion to Dismiss, Plaintiff filed a Motion for Leave to Amend (D.E. #11) and attached a Proposed Second Amended Complaint that dropped all § 1981 claims and instead alleged three counts under the Florida Civil Rights Act ("FCRA"), FLA. STAT. § 760.07.  Security Alliance opposed Plaintiff's request, arguing that Plaintiff's proposed amendment was a concession that his § 1981 claims were without merit, that Plaintiff's amendment was simply an effort to avoid an adverse ruling on the pending Motion to Dismiss, and that Plaintiff should not be allowed to abandon his case and start anew.  In response, Plaintiff filed an Amended Motion for Leave to Amend (D.E. #13).  The version of the Proposed Second Amended Complaint attached to Plaintiff's Amended Motion for Leave to Amend included the three claims brought pursuant to the FCRA noted above and three additional claims under § 1981.  Security Alliance again opposed the proposed amendment.

On May 18, 2011, the Court granted Plaintiff's Amended Motion for Leave to Amend and denied Defendant's Motion to Dismiss First Amended Complaint as moot.  After Plaintiff filed his Second Amended Complaint, Security Alliance filed the instant Motion to Dismiss.  Security Alliance now contends that the Second Amended Complaint is insufficient because it is a shotgun pleading and contains only conclusory allegations of discrimination; that two of the three FCRA claims are time barred; that the § 1981 claims are based upon alleged disability and religious discrimination and are therefore not encompassed by § 1981; and that the Court should strike Plaintiff's demand for a jury trial. As discussed below, Security Alliance's argument regarding the sufficiency of Plaintiff's Second Amended Complaint is meritorious.  In its present state, Plaintiff's Second Amended Complaint fails to comply with the pleading standards of the Federal Rules of Civil Procedure, and therefore dismissal is warranted.[1]

---

[1] As noted above, because the pleading deficiencies of the Second Amended Complaint mandate dismissal, the Court need not reach Defendant's other arguments at this time.

## II.   LEGAL ANALYSIS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Specifically, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*  Furthermore, while a court must accept well-pleaded facts as true, it owes no such deference to a plaintiff's legal conclusions. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

In its instant Motion to Dismiss, Security Alliance argues that Plaintiff's Second Amended Complaint violates the prohibition against shotgun pleadings by improperly incorporating all of the general allegations into each of the six subsequent claims.  Accordingly, Security Alliance claims that it is unclear what theory of liability or what type of discrimination Plaintiff is alleging in each claim.  Additionally, Security Alliance contends that each claim "fails to specify the elements of the claim or identify the facts upon which they are based" and that the Second Amended Complaint contains only conclusory allegations of discrimination, which are not entitled to a presumption of truth.  Mot. to Dismiss Second Am. Compl. (D.E. #23) at 3–4, 6.  In response, Plaintiff states that each claim in the Second Amended Complaint states a claim for relief that is "plausible on its face" and sets forth factual allegations sufficient to "raise a right to relief above the speculative level."  Pl.'s Resp. in Opp'n (D.E. #27) at 3–4.

While the Second Amended Complaint may not amount to the "quintessential" shotgun pleading,[2] it is sufficiently lacking in clarity, structure, and factual support so as to render dismissal necessary and amendment appropriate.  The major deficiency in Plaintiff's Second Amended Complaint

---

[2] "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  Plaintiff's Second Amended Complaint does not reincorporate each claim alleged into every subsequent claim, as is common in some of the more egregious shotgun pleadings.  Plaintiff does, however, reallege all of his general allegations in each of his six claims.  While this may not be problematic in other cases, it becomes an issue where, as discussed in detail in the text, Plaintiff makes no attempt to specify which of those allegations are relevant to the particular claim at issue, provides no additional facts, and simply concludes that Plaintiff has suffered injury.

is that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  As the Eleventh

Circuit has stated:

> These rules work together to require the pleader to present his claims
> discretely and succinctly, so that his adversary can discern what he is
> claiming and frame a responsive pleading, the court can determine which
> facts support which claims and whether the plaintiff has stated any claims
> upon which relief can be granted, and, at trial, the court can determine that
> evidence which is relevant and that which is not.

*Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.*,

760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Davis v. Coca-Cola

Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) (noting that the framers of the Rules "assumed

that complaints would be drafted as clearly and definitively as possible, so that the defendant could

understand the cause(s) of action the plaintiff was asserting and frame a responsive pleading, and the

district court, having a clear and definitive response before it, could recognize the parties' claims and

defenses, identify the issues of fact to be litigated, and proceed to a just result").  Here, Plaintiff's

incorporation of every general allegation into each count, coupled with his wholesale incorporation by

reference of several documents, without any discussion of the facts contained in those documents,

results in a pleading that is convoluted, confusing, and conclusory.

The Second Amended Complaint, which contains three claims alleging violations of the FCRA

and three claims alleging violations of § 1981, begins with a "Preliminary Statement" that sets forth

Plaintiff's general allegations.  In this Preliminary Statement, Plaintiff states that he filed two Equal

Employment Opportunity Commission ("EEOC") charges against Security Alliance, one on May 4,

2007, alleging disability discrimination, and one on September 28, 2007, alleging retaliation.  Plaintiff

then incorporates these two EEOC charges by reference into the Second Amended Complaint as

"Exhibit A" and "Exhibit B," respectively.[3]  Plaintiff also alleges that on January 10, 2008, his attorney

faxed Defendant a letter referencing the EEOC charges and making a claim of religious discrimination.

This letter is incorporated by reference as "Exhibit C."  Plaintiff then claims that on or around January

28, 2008, a supervisor came to his post and told him to leave, effectively terminating his employment.

Plaintiff concludes the Preliminary Statement by alleging that Security Alliance "had an intent to

discriminate on the basis of race and was motivated by racial animus against Black persons and

---

[3]  These two EEOC charges were initially filed on the docket in conjunction with
Defendant's Notice of Removal (D.E. #1).

[Defendant's] animus was directed towards the kind of group that Congress intended to protect when it passed 42 U.S.C. Section 1981." Second Am. Compl. (D.E. #21) at 2.

Plaintiff then attempts to set forth his claims under the FCRA and § 1981. Claim 1, which is styled as a discrimination claim under the FCRA, simply realleges the paragraphs of the Preliminary Statement and declares that "[t]he charging document in Exhibit A shows that Defendant discriminated against Plaintiff on or about May 3, 2007." Second Am. Compl. (D.E. #21) at 2. Plaintiff does not specify which, if any, of the allegations in the Preliminary Statement are relevant to this claim. Nor does he identify or discuss any of the facts contained within the incorporated EEOC charge—which presumably forms the factual basis for his claim of discrimination—anywhere within Claim 1 itself. As noted above, he simply concludes that "Exhibit A shows that Defendant discriminated against Plaintiff." *Id.*

While the Court may look to documents attached to a complaint in determining whether that complaint contains sufficient factual allegations, Exhibit A—the EEOC charge alleging disability discrimination—does not lend support to the Second Amended Complaint, but rather serves as a substitute for the factual allegations ordinarily found in the body of a complaint itself. Plaintiff does not provide a short and plain statement "showing" that Plaintiff is entitled to relief, as is required by Rule 8. Instead, Security Alliance and this Court must attempt to ascertain—from the Preliminary Statement and Exhibit A—the elements of Plaintiff's claim of discrimination, what facts are relevant to that claim, and whether such facts are sufficient to state a cause of action. Furthermore, Claim 1 fails to comply with Rule 10(b), which "requires the pleader to present the claims in a discrete and succinct manner so that the opponent can discern what is being claimed and frame a responsive pleading." *Cascella v. Canaveral Port Dist.*, No. 6:04CV1822ORL19DAB, 2005 WL 2105956, at *4 (M.D. Fla. Aug. 31, 2005) (citing *Fikes*, 79 F.3d at 1082). It is simply impossible for Security Alliance to frame a meaningful answer, and to admit or deny pertinent allegations, when none of the relevant factual allegations are contained in the numbered paragraphs to which Security Alliance must respond. These same problems plague Claim 2, which alleges retaliation under the FCRA based on Exhibit B, as well as Claims 4 and 5, which differ from Claims 1 and 2 only in that they are brought pursuant to § 1981.

Claims 3 and 6 pose additional pleading issues. In Claim 3, which is entitled "Discrimination Claim Under Florida Statutes 760.07 . . . Regarding Removal and/or Termination from Job Sometime Between January 28, 2008 and March 2008," Plaintiff realleges the paragraphs of the Preliminary Statement and incorporates by reference a third EEOC charge as "Exhibit D." Plaintiff then concludes

that Defendant's discrimination caused him to suffer damages.  Plaintiff does not address the contents of Exhibit D—although review of the EEOC charge reveals that it alleges discrimination based on national origin—or in any way connect Exhibit D to his subsequent conclusion that Security Alliance's discrimination caused him damages.  It is therefore unclear whether the allegations in Exhibit D provide the basis for the alleged discrimination regarding Plaintiff's job removal or termination between January 28, 2008, and March 2008.  It is just as likely that Claim 3 stems from events alleged in the Preliminary Statement and incorporated into Claim 3.  Specifically, Plaintiff alleges in his Preliminary Statement that he filed two EEOC charges and that on January 10, 2008, his attorney faxed Security Alliance a letter referencing those EEOC charges and alleging religious discrimination.  Plaintiff then states that on or about January 28, 2008, he was terminated.  Accordingly, the discrimination alleged in Claim 3 may be based on the fact that Security Alliance removed Plaintiff from his job for making prior claims of discrimination.  Indeed, this was the basis for Plaintiff's claim regarding his January 2008 job removal or termination in his First Amended Complaint.  *See* First Am. Compl. (D.E. # 1-4) at 3 ("Wherefore comes Plaintiff and sues Defendant for Retaliation . . . for the removal of Plaintiff from his job on January 28, 2008 . . . .").  Without further clarification and additional factual detail, it is impossible to accurately determine the basis for Plaintiff's claim of job removal or termination alleged in Claim 3.

Claim 6, which is entitled "Discrimination Claim Under 42 U.S.C. § 1981 . . . Regarding Removal and/or Termination from Job Sometime Between January 28, 2008 and March 2008," provides even less detail.  In Claim 6, Plaintiff merely realleges the paragraphs of the Preliminary Statement and, without any further elaboration, states that Security Alliance's discrimination caused Plaintiff to suffer damages.  It is therefore entirely unclear which allegedly discriminatory acts by Security Alliance form the basis for this claim.  As noted above, unless Plaintiff sets forth clear and definitive claims for relief, Security Alliance cannot adequately form a responsive pleading, and in turn, it becomes increasingly difficult for the Court to define the issues, manage discovery, and ultimately reach a just result.  *See Davis*, 516 F.3d at 979; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Finally, Plaintiff's allegations of racial discrimination warrant additional attention.  In its Motion to Dismiss, Security Alliance claims that Plaintiff's § 1981 claims are based on alleged disability and religious discrimination, not race discrimination, and that such claims are therefore not actionable under

6

§ 1981. In response, Plaintiff argues that his § 1981 claims each incorporate Paragraphs 6 and 14 of the Preliminary Statement, which in turn allege that "Plaintiff is Black" and that Security Alliance "had an intent to discriminate on the basis of race and was motivated by racial animus against Black persons and [Security Alliance's] animus was directed towards the kind of group that Congress intended to protect when it passed 42 U.S.C. § 1981." Second Am. Compl. (D.E. #21) at 1, 2.

It is sufficient to say that Plaintiff, at this time, has not adequately set forth factual allegations to support a claim that Security Alliance acted in a racially discriminatory manner—irrespective of whether Plaintiff brings such claim under § 1981 or any other law. Plaintiff fails to plead facts that establish the grounds upon which his claim of racial discrimination rests. He provides only a conclusory allegation of wrongdoing, which is insufficient to satisfy the requisite "showing" of entitlement to relief under Rule 8. *See Paramo v. Imico Brickell, LLC*, No. 08-20458-CIV-HUCK, 2008 WL 4360609, at *6 (S.D. Fla. Sept. 24, 2008) (citing *Twombly*, 550 U.S. at 555 n.3). Indeed, Plaintiff's allegation of racial animus amounts to no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 551 U.S. at 555.). If Plaintiff asserts a claim of race discrimination in a future pleading, under § 1981 or otherwise, he must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 551 U.S. at 570).

## III.  CONCLUSION

Whether Plaintiff can successfully assert one or more claims of discrimination against Security Alliance remains to be seen. At this point however, Plaintiff's Second Amended Complaint fails to provide the clarity and factual support needed for the Court to accurately determine the validity of Plaintiff's claims. Accordingly, Security Alliance's Motion to Dismiss is GRANTED, and the Second Amended Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff shall have one last opportunity to provide a viable complaint. If Plaintiff intends to file a Third Amended Complaint, he shall do so by **Friday, September 16, 2011**.

DONE and ORDERED in Chambers, Miami, Florida, September 2, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record